IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Waycross Division

**FILED**

Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
*By vwingfield at 2:43 pm, Mar 19, 2015*

IN RE:                          )            CHAPTER 13 CASE
JIMMY HENDRICKS                 )            NUMBER 10-50236
CONNIE GAIL HENDRICKS           )

**AMENDED**

**OPINION AND ORDER DENYING WAIVER OF REQUIREMENT
TO COMPLETE PERSONAL FINANCIAL MANAGEMENT COURSE**

This matter is before me on motion by Debtor Jimmy Hendricks for waiver of the requirement under the Bankruptcy Code to complete a personal financial management course before being granted a chapter 13 discharge.[1] Hendricks is in prison, and he argues that his incarceration is a disability that qualifies him for a waiver. The motion is denied, because incarceration is not a disability.

An individual debtor may not receive a discharge without having first completed an instructional course in personal financial management. 11 U.S.C. § 1328(g)(1). Certain debtors are exempt from this requirement, including those who are unable to complete the course because of disability. 11 U.S.C. § 1328(g)(2); § 109(h)(4). The Code defines "disability" as being "so physically impaired as to be unable, after reasonable effort,

---

[1] Discharge has already been entered for Joint Debtor Connie Gail Hendricks.

AO 72A

(Rev. 8/82)

to participate in an in person, telephone, or Internet briefing." 11 U.S.C. § 109(h)(4).

I have previously held that incarceration does not amount to a disability under § 109(h)(4) for debtors seeking a waiver of the pre-petition credit counseling requirement under § 109(h)(1). In re Sarlak, No. 13-20129 (Bankr. S.D. Ga. Feb. 20, 2013); In re Conner, No. 12-60685 (Bankr. S.D. Ga. Dec. 14, 2012); In re Cole, No. 12-60062 (Bankr. S.D. Ga. Feb. 8, 2012); In re Donaldson, No. 12-60044 (Bankr. S.D. Ga. Feb. 8, 2012).

The same analysis applies when an incarcerated debtor seeks a waiver of the post-petition requirement of a personal financial management course. As one court stated, "'disability' refers to a medical condition and not to a law of physics that prevents [the debtor] from walking through walls and iron bars." In re Goodwin, No. 08-82704, 2009 WL 6499330, at *2 (Bankr. N.D. Ga. Mar. 12, 2009); see also In re Denger, 417 B.R. 485 (Bankr. N.D. Ohio 2009); In re Cox, No. 07-10787, 2007 WL 4355254 (Bankr. M.D. Ga. Nov. 29, 2007). Accordingly, the Debtor here does not have a disability that would qualify him for a waiver.

Hendricks is not without recourse, however. After he is released from prison, he may move to reopen the bankruptcy case for the purpose of completing the course and filing the required certificate. See In re Cox, 2007 WL 4355254, at *3. Whether such

AO 72A
(Rev. 8/82)

a motion would be granted, however, is not a question before me today.

Alternatively, before the case is closed, Hendricks may authorize a third party to complete the course on his behalf under a power of attorney that is valid under Georgia law and sufficient to authorize the attorney-in-fact to file a bankruptcy petition for Hendricks. See Provider Requirements for Personal Financial Management Certificates, 28 C.F.R. § 58.35(m) (effective April 15, 2013) (requiring that when a debtor obtains the course through a duly authorized representative, the certificate must include the name and legal capacity of the representative); Response to Comments,[2] 78 Fed. Reg. 16159, 16167 (Mar. 14, 2013).

The motion by Debtor Jimmy Hendricks for waiver of the requirement of an instructional course in personal financial management is therefore **ORDERED DENIED**; and

**FURTHER ORDERED** that Hendricks has 30 days in which to file a certificate showing his completion of an instructional

---

[2] Response by Executive Office of United States Trustee ("EOUST") to comments concerning § 58.35(m):

> EOUST declines to prohibit third parties from completing instruction on behalf of a debtor under appropriate circumstances, such as under a valid power of attorney sufficient to authorize the individual to file a bankruptcy petition on behalf of a client. To the extent state law authorizes powers of attorney, EOUST does not object to the completion of instruction by duly authorized attorneys-in-fact on behalf of debtors.

78 Fed. Reg. 16167.

course in personal financial management, whether in his own capacity or through a third party under a power of attorney that is valid under Georgia law and sufficient to authorize the attorney-in-fact to file a bankruptcy petition.

_____

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this ___ day of March, 2015.